IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE BENJAMIN ARTIS, | § | |
| TDCJ-CID NO.788779, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-06-335 |
| | § | |
| DOUG DRETKE, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Jesse Benjamin Artis, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary proceeding for refusing to obey an order to provide a blood sample for DNA records. As a result of the disciplinary conviction, restrictions were placed on his commissary and recreational privileges, his class line status was reduced, and good conduct credits were forfeited. (Docket Entry No.1). Petitioner's claims sound in habeas and under 42 U.S.C. § 1983. For the reasons to follow, the Court will sever his civil rights claims from the present action and dismiss his habeas claim as frivolous.

Habeas Claims

In 2001, the Texas Legislature amended section 411.148(a) of the Texas Government Code, to provide that "[a]n inmate serving a sentence for a felony in the institutional division shall provide one or more blood samples or other specimens for the purpose of creating a DNA record." *See* Act June 17, 2001, 77th Leg., R.S., ch. 1509, §§ 1, 2, 2001 Tex. Gen. Laws 5077. This section applied only to an inmate who began serving a sentence on or after the effective date of the Act. *Id.* Before the 2001 amendment, Texas law required only certain inmates, *i.e*, those convicted of murder, aggravated assault, burglary, or a sex crime, for which registration as a sex offender is required, to

provide a blood sample for the purpose of creating a DNA record. *Id.* Petitioner was convicted of burglary of a building in 1997, and therefore, did not fall under provisions of the earlier versions of the statute.

In 2005, the Texas Legislature reenacted and amended section 411.148. TEX. GOV'T CODE ANN. 411.148 (a) (1)(B) Vernon Supp. 2005) (Mandatory DNA Record). The Act went into effect on September 1, 2005. It's provisions apply to an individual like petitioner, who, on or after the effective date of the Act, is confined in a penal institution operated by the Texas Department of Criminal Justice. *Id.* as reenacted and amended by Acts 2005, 79th Leg., R.S., ch. 1224, § 11.

In his Step 1 grievance, petitioner reports that on September 28, 2005, a TDCJ-CID official ordered him to give a blood sample for the purpose of DNA collection. (Docket Entry No.1). Petitioner complained that Texas law did not require him to give a sample and refused to comply with the order. The next day, TDCJ-CID officials served petitioner with a disciplinary violation and showed him an amended bill concerning the collection of DNA, which stated that all TDCJ-CID offenders must submit to the collection of DNA. He agreed to give a sample and to protest the collection of the sample through other means, but was informed that the disciplinary case would be processed. Petitioner was convicted of a disciplinary violation on October 4, 2005, the same day that he provided a blood sample. (*Id.*, attachment).

In the pending petition, petitioner complains that TDCJ-CID violated his due process rights by convicting him of a disciplinary violation for refusing to obey an order that is not required by law. Petitioner contends that TDCJ-CID has either misconstrued the law or the Texas Legislature has enacted an *ex post facto* law. In either case, petitioner complains, he is now being made to stay in prison longer. (*Id.*).

To the extent that petitioner complains that his due process rights were violated by the forfeiture of his good conduct credit, he fails to state any facts that would give rise to such a claim. Prisoners charged with institutional rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). Such an interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). In Texas, however, only sanctions that result in the loss of good conduct credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.[1] *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

When a prisoner has a protected liberty interest in the loss of accrued good conduct credits, the revocation of such credits must comply with minimal procedural due process. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). These minimal requirements are: (1) written notice of the alleged disciplinary violation

---

[1] Other than the loss of good conduct credit, the changes in petitioner's confinement, *i.e.*, loss of commissary and recreational privileges and reduction in class line status, do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause. *See Malchi*, 211 F.3d at 959 (right to particular time-earning status); *Madison*, 104 F.3d at 768 (loss of commissary privileges); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1996) (loss of opportunity to earn good conduct credits).

at least 24 hours prior to a hearing; (2) the ability to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken. *Wolff*, 418 U.S. at 564-66. Petitioner does not allege, and the record does not show, that petitioner was denied any of these procedural safeguards.

Due process also requires that there be "'some evidence to support the findings made in the disciplinary hearing.'" *Hudson*, 242 F.3d at 536 (quoting *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). Petitioner does not challenge the sufficiency of the evidence to support the disciplinary conviction.[2] He concedes that he refused to obey the order to provide a blood sample. The Disciplinary Report and Hearing Record attached to his petition indicates that he was found guilty on the charging officer's report and petitioner's admission of guilt in testimony. Such evidence clearly satisfies the "some evidence" standard. *Id.* at 537.

Petitioner's complaint that TDCJ-CID has extended his sentence by the forfeiture of his good conduct credit is also without merit. There is no constitutional right to conditional release prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although an inmate may not be held past his statutory release date if he fails or refuses to provide a blood sample, TDCJ-CID may take lawful administrative action, including disciplinary action resulting in loss of good conduct time, against an inmate who refuses to provide the same. TEX. GOVT CODE ANN. § 411.148(d) (Vernon Supp. 2005) (DNA Records of Certain Inmates) as reenacted and amended by Acts 2005, R.S., 79th Leg., ch.1245, § 1.

---

[2] Petitioner complains in his Step 2 grievance that no evidence was presented by the State to support the finding of guilt but he does not raise this issue in the pending petition.

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner's due process claims with respect to the forfeiture of his good conduct credit are without legal merit, the Court will dismiss such claims with prejudice.

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing of the denial of a

constitutional right with respect to his habeas claim, and so a certificate of appealability from this decision will not issue.

## Civil Rights Claims

Petitioner's claims that he was denied due process because TDCJ-CID officials incorrectly applied the 2005 amended version of section 411.148 of the Texas Government Code to him, and the amended version of section 411.148 violates the *Ex Post Facto* prohibition in the United States Constitution do not sound in habeas but are properly construed as civil rights claims under 42 U.S.C. §1983. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (noting that if a "favorable determination" would not automatically entitle the prisoner to an accelerated release, the proper vehicle is a § 1983 suit). Accordingly, the Court ORDERS these claims, be SEVERED from *Artis v. Dretke*, Civil Action No. H:06cv335, and separately docketed under a new cause number. *See* FED. R. CIV. PROC. 21. The Clerk shall place a copy of the pleading in the new file and assign the case to the undersigned judge. The Clerk is further ORDERED to place a copy of this Order in the new file for petitioner's civil rights suit.

Petitioner is ORDERED to file an amended civil rights complaint using the attached forms within thirty (30) days of the entry of this Order. Failure to comply timely may result in dismissal of this suit for want of prosecution.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's civil rights claims are SEVERED from the pending habeas action and shall be separately docketed under a new cause number. *See* FED. R. CIV. PROC. 21.

2. Petitioner's application to proceed as a pauper (Docket Entry No.2) is GRANTED.

3. The pending habeas petition is DISMISSED with prejudice.

4. A certificate of appealability is DENIED.

5. All pending motions, if any, are DENIED.

The Clerk will enter this Order and provide all parties with a copy.

Signed at Houston, Texas, on April 21, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE